# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| CHESTER LILLY, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | 1:16CV400 |
| DR. CARTER, et al., | ) |  |
| Defendants. | ) |  |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court upon several motions: Defendant Susan Glover's motion to dismiss (Docket Entry 28), Plaintiff Chester Lilly's motion to amend complaint (Docket Entry 51), Defendant Glover's motion to strike, or alternatively, dismiss Plaintiff's supplement to his complaint (Docket Entry 49), Defendant Glover's second motion to strike (Docket Entry 53), Plaintiff's motion for leave to file an amended complaint (Docket Entry 60), and Defendant Glover's renewed motion to strike (Docket Entry 62). These matters are ripe for disposition. For the reasons that follow, the Court recommends that Plaintiff's motions to amend (Docket Entries 51, 60) be granted in part and denied in part, Defendant Glover's motions to strike (Docket Entries 49, 53, 62) be granted, and Defendant Glover's motion to dismiss (Docket Entry 28) be granted.

## I. PROCEDURAL BACKGROUND

Plaintiff filed this § 1983 action against Defendants Dr. Carter and Glover on May 3, 2016, for deliberate indifference to a serious medical need. (*See generally* Complaint, Docket Entry 2.) Between May 4, 2016, to September 16, 2016, Plaintiff filed five supplements to his

Complaint. (Docket Entries 3, 5, 23, 25, 26.) Defendant Glover filed an answer (Docket Entry 27) and a motion to dismiss on October 11, 2016, pursuant to Federal Rule of Civil Procedure 12(b)(6), claiming that Plaintiff has failed to state a claim against her. (Docket Entry 28.) On November 7, 2016, Plaintiff filed a response in opposition to the motion to dismiss, asserting Defendant Glover was deliberately indifferent by ignoring Plaintiff's medical needs.[1] (Docket Entry 34.) Defendant Glover thereafter filed a reply. (Docket Entry 36.)

This case was scheduled for a hearing on all pretrial matters. (*See* Text Order dated 11/22/2016.) Plaintiff filed several additional motions prior to the date of the hearing. (*See* Docket Entries 38, 39, 40, 43, 44, 45, 46.) At the hearing held on January 24, 2017, the parties discussed several of the motions pending before the Court. Plaintiff informed the Court of his attempts to amend his Complaint. (*See* Text Order dated 1/24/17.) Plaintiff indicated that he wanted to add "D. Loflin" as a defendant to the pending suit. Defense counsel stated that if the Court were to allow Plaintiff an opportunity to amend his Complaint, it would not be opposed so long as the new allegations be raised as to persons other than Defendant Glover. Defense counsel further asked the Court that no discovery be permitted in this matter until there was a ruling on Defendant Glover's motion to dismiss. Plaintiff appeared to understand the positon of Defendant Glover's counsel, and the Court indicated that it would allow Plaintiff to supplement his Complaint to add the newly named defendant and assert any allegations against that individual. (*Id.*)

---

[1] To the extent Plaintiff's response brief to Defendant Glover's motion to dismiss addresses new claims or allegations, the Court will not consider them. *Foster v. Fisher*, No. 1:14-CV-292-MR-DSC, 2016 WL 900654, at *7 (W.D.N.C. Mar. 9, 2016) (unpublished), *aff'd*, No. 16-1792, 2017 WL 2197875 (4th Cir. May 18, 2017) (disregarding allegations in plaintiff's opposition brief which is not a pleading under Rule 7(a)).

2

After the hearing, Plaintiff filed a supplement to his complaint on January 27, 2017. (Docket Entry 48.) Plaintiff also filed a motion to amend his complaint. (Docket Entry 51.) Thereafter, Defendant Glover filed a motion to strike the motion to supplement. (Docket Entry 49.) Additionally, Defendant Glover filed another motion to strike or dismiss allegations against Defendant Glover and response to Plaintiff's motion to amend complaint, which was also accompanied by a brief. (Docket Entries 53, 54.) Plaintiff then filed another motion for leave to file amended complaint (Docket Entry 60) and Defendant Glover filed a third motion to strike (Docket Entry 62).

## II. FACTUAL BACKGROUND

Plaintiff, proceeding pro se, filed this § 1983 action naming Defendant Glover and several others in this matter. (*See generally* Compl., Docket Entry 2.) Plaintiff is a State prisoner in the custody of the North Carolina Department of Public Safety, Division of Adult Corrections ("NCDPS"), and is currently housed at Alexander Correctional Institute in Taylorsville, North Carolina. Plaintiff alleges that while at Piedmont Correctional Institution ("Piedmont") in Salisbury, North Carolina, Defendant Glover, a nurse, was deliberately indifferent to Plaintiff's medical needs, which resulted in injury to Plaintiff. (*Id.*) More specifically, Plaintiff claims that Defendant Glover advised Plaintiff to make two sick calls to acquire his pain medicine, and Plaintiff made 16 sick calls and never acquired his medicine. (*Id.* at 3.) Thus, Plaintiff claimed Defendant Glover lied because she gave Plaintiff ill-advised information. (*Id.*) Ultimately, Defendant Carter did not prescribe Plaintiff his requested pain medication. (*Id.*) Further, Plaintiff's complaint alleges several further inactions of other defendants as it relates to Plaintiff's medical needs. (*See id*; *see also* Docket Entries 3, 5, 23, 25,

3

26.) Plaintiff seeks damages in the amount of $400,000 for pain and suffering, and mental anguish. (Compl. at 6.)

## III. DISCUSSION

### Standard of Review

#### A. Rule 15 Amendments

Rule 15(a) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). It further states that "[t]he court should freely give leave when justice so requires." *Id.* Granting a motion to amend a complaint is within the discretion of the Court, "but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Fourth Circuit has stated that "[a] district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010). An amended complaint is futile if it cannot withstand a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6); thus, the Court may deny the motion. *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995) (addition of negligence claim futile because case would not survive motion to dismiss).

#### B. Rule 12(f) Motion to Strike

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" on its own or on motion of a party. Fed. R. Civ. P. 12(f); *Waste Mgmt.*

*Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). In reviewing a motion to strike pursuant to Rule 12(f), the Court reviews "the pleading under attack in a light most favorable to the pleader." *Guessford v. Pa. Nat'l Mut. Cas. Ins. Co.*, 918 F. Supp. 2d 453, 467 (M.D.N.C. 2013). "The Fourth Circuit has recognized that Rule 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy." *Id.* (citations and quotations omitted).

## C. Dismissal for Failure to State a Claim

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (1999). A complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.*; *see also Simmons & United Mortg. & Loan Invest.*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is *plausible* on its face.") (emphasis in original) (internal citation and quotation marks omitted). The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a

5

plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557).

*Pro se* complaints are to be liberally construed in assessing sufficiency under the Federal Rules of Civil Procedure. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this liberal construction, "generosity is not a fantasy," and the court is not expected to plead a plaintiff's claim for him. *Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 192 (4th Cir. 1998). "Liberal construction is particularly appropriate when a *pro se* complaint raises civil rights issues." *Moody–Williams v. LipoScience*, 953 F.Supp.2d 677, 680 (E.D.N.C. 2013) (emphasis in original); *see also Brown v. N.C. Dept. of Corr.*, 612 F.3d 720, 722 (4th Cir. 2010).

## Analysis

### Plaintiff's Amended Pleadings

In light of the Court's discussion at the oral hearing on January 24, 2017, Plaintiff filed a supplement to the Complaint, as well as his two motions to amend. (Docket Entries 48, 51, 60.) As requested at the hearing, and in the interest of justice, Plaintiff's motion to amend his Complaint to add "D. Loflin" as a defendant should be granted. However, as to any further allegations against Defendant Glover, the Court should strike those allegations in the amended/supplemental pleadings as they exceed the scope of leave previously granted by the Court, thereby prejudicing Defendant Glover in this action. Thus, Plaintiff's motions to amend (Docket Entries 51, 60) should be granted only to the extent they set forth allegations against "D. Loflin." Having recommended that any further allegations against Defendant

6

Glover in the amended pleadings be stricken, the Court should grant Defendant Glover's motions to strike (Docket Entries 49, 53, 62).

## Defendant Glover's Motion to Dismiss

Defendant Glover moves for a motion to dismiss for failure to state a claim as to Plaintiff's § 1983 claim for deliberate indifference. (Docket Entry 29.) Defendant Glover argues that the motion to dismiss should be granted because: (1) no injury resulted from Defendant Glover's actions or inactions, thus resulting in no deliberate indifference; (2) Defendant Glover is entitled to qualified immunity; (3) Defendant Glover is entitled to Eleventh Amendment sovereign immunity; (4) Plaintiff's claim for injunctive relief is moot; and (5) as to any alleged state law medical malpractice claim, Plaintiff has failed to comply with the pleading requirement of rule 9(j) of the North Carolina Rules of Civil Procedure. (*Id.*)

### 1. Deliberate Indifference

As Defendant Glover correctly asserts, Plaintiff has failed to state a claim of deliberate indifference as to the pain medication received. (Docket Entry 29 at 8-11.) It is well settled that not "every claim by a prisoner that he has not received adequate medical treatment states a [constitutional] violation." *Estette v. Gamble*, 429 U.S. 97, 105 (1976). "Deliberate indifference is a very high standard – a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999). Rather, the "deliberate indifference" prong requires Plaintiff to make "two showings:"

> First, the evidence must show that the official in question subjectively recognized a substantial risk of harm. It is not enough that the officers should have recognized it; they actually must have perceived the risk. Second, the evidence must show that the official in question subjectively recognized that his actions were "inappropriate in light of that risk." As with the

7

> subjective awareness element, it is not enough that the official should have recognized that his actions were inappropriate; the official action must have recognized that his actions were *insufficient.*

*Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (citations omitted) (emphasis in original). "Obduracy or wantonness, not inadvertence or good faith error, characterizes deliberate indifference." *Gibson v. Foltz*, 963 F.2d 851, 853 (6th Cir. 1992) (citation omitted).

To constitute deliberate indifference to a serious medical need, "the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). Thus, "mere negligence or malpractice" does not constitute deliberate indifference. *Id.* at 852. Similarly, "[d]isagreements between an inmate and a physician over the inmate's proper medical care does not state a § 1983 claim unless exceptional circumstances are alleged." *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (citation omitted). It is well settled, therefore, that a medical need serious enough to give rise to a constitutional claim involves a condition that places the inmate at a substantial risk of serious harm, usually loss of life or permanent disability, or a condition for which lack of treatment perpetuates severe pain. *Farmer v. Brennan*, 511 U.S. 825, 832-33, (1994). Also, to hold a medical professional liable, that professional must have had authority to perform the action. *Manley v. S. Health Partners, Inc.*, 5:14-CV-111-FDW, 2014 WL 5509183, at *2 (W.D.N.C. Oct. 31, 2014) (unpublished). Further, the refusal by a medical professional to give an inmate *any* prescribed pain medication can, in some instances, amount to deliberate indifference. *Carter v. Ulep*, No. 1:13CV1425 LMB/JFA, 2014 WL 3421515, at *3 (E.D. Va. July 10, 2014) (citation omitted), *dismissed*, 585 F. App'x 46 (4th Cir. 2014) (unpublished).

8

Here, Plaintiff's own allegations demonstrate that Defendant Glover had no authority to prescribe medicine. Plaintiff stipulates that he was told by Defendant Glover that he would have "to put in one sick call and 2 follow-up to get [his] pain pill." (Docket Entry 2 at 3.) Here, Plaintiff's statement supports the implication that Defendant Glover, a nurse, had no authority to prescribe medicine, but assisted Plaintiff with direction on how to acquire his requested medicine by making follow-up calls. (*Id.*) What amounts to an explanation of the sick call appointment procedure by Defendant Glover does not constitute a violation of a serious medical need. Having no authority to prescribe the medication, Plaintiff's allegations against Defendant Glover regarding her alleged failure to prescribe Plaintiff's medicine is meritless. *Manley v. S. Health Partners, Inc.*, No. 5:14-CV-111-FDW, 2014 WL 5509183, at *2 (W.D.N.C. Oct. 31, 2014) (unpublished) ("Plaintiff has failed to state a claim of deliberate indifference against the defendant nurses because by his own admission, the nurses believed that they could not provide him with the medication until they were authorized to do so by an unnamed doctor."); *see also Barnett v. Alamance Cty. Sheriff Office Det. Ctr.*, No. 1:14CV732, 2016 WL 1389606, at *4 (M.D.N.C. Apr. 7, 2016) (unpublished) (citation omitted) ("Nurses cannot be found liable for something they do not have authorization to do."); *Parker v. Burris*, No. 1:13CV488, 2015 WL 1474909, at *7 (M.D.N.C. Mar. 31, 2015) *report and recommendation adopted*, No. 1:13CV488, 2015 WL 2169148 (M.D.N.C. May 8, 2015) *aff'd*, 623 F. App'x 82 (4th Cir. 2015) (finding that because a nurse cannot prescribe medication, "Plaintiff's assertion that her alleged inaction in regards to pain medicine amounted to deliberate indifference" was meritless); *Smith v. Harris*, 401 F. App'x 952, 953 (5th Cir. 2010) (holding that because a nurse

9

could not write prescriptions, the plaintiff failed to establish that she acted with deliberate indifference by not prescribing him pain medication).

Even if Defendant Glover did have the authority to prescribe narcotic pain medicine, "numerous federal courts have determined that, absent evidence of malicious purpose, the failure of prison medical personnel to provide pain medication of sufficient strength does not constitute deliberate indifference." *Parker v. Burris*, 2015 WL 1474909, at *7 (collecting cases). Indeed, Plaintiff's own allegations indicate that he received some medications: "I was forced to take 2 meds for depression, and a[n] anti-inflammatory, and nothing for muscles pain." (Compl. at 3.) Plaintiff also states: "[In September] I was given [nitroglycerin]." (*Id.*) Although "[i]t is true that the refusal to give an inmate *any* prescribed pain medication can amount to deliberate indifference," in our case Plaintiff claims to have received some pain medication, namely nitroglycerin. *Carter*, 2014 WL 3421515, at *3. Thus, even if Defendant Glover could prescribe medicine, a disagreement in the type of medication provided here does not constitute a deliberate indifference claim. *Wright*, 766 F.2d at 849.

## 2. Qualified Immunity

Next, Defendant Glover argues that she is entitled to qualified immunity from Plaintiff's action where Plaintiff has failed to allege a constitutional violation. (Docket Entry 29 at 13.) Under the doctrine of qualified immunity, Defendant Glover is "generally shielded from liability for civil damages insofar as [her] conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal

10

before the commencement of discovery." *Cloaninger v. McDevitt*, 555 F.3d 324, 330 (4th Cir. 2009)(citation omitted); *see also Jenkins v. Medford*, 119 F.3d 1156, 1159 (4th Cir. 1997) ("Qualified immunity may be raised in a motion to dismiss."). In the instant case, having found that Plaintiff has not stated a claim for a constitutional violation, Defendant Glover should be entitled to qualified immunity. *See Jackson v. Holley*, 666 F. App'x 242, 244–45 (4th Cir. 2016) (noting that the "conduct about which [plaintiff] complains [did] not amount to an Eighth Amendment," thus "[defendant] was entitled to qualified immunity and her motion to dismiss should have been granted by the district court.").

### 3. Eleventh Amendment

Next, Defendant Glover argues that Plaintiff's § 1983 monetary claim against her in her official capacity is barred by Eleventh Amendment sovereign immunity. (Docket Entry 29 at 14-15.) The Eleventh Amendment prohibits actions in federal court by individuals against a state unless the state has consented to suit or unless Congress has lawfully abrogated the states' Eleventh Amendment immunity. *Ballenger v. Owens*, 352 F.3d 842, 844-45 (4th Cir. 2003). The doctrine of sovereign immunity under the Eleventh Amendment applies not only to actions in which the State is a named defendant, but also to actions against its departments, institutions, and agencies. Additionally, in North Carolina, "[a]ctions against officers of the State in their official capacities are actions against the State for the purposes of applying the doctrine of [sovereign] immunity." *Green v. Kearney*, 203 N.C. App. 260, 268, 690 S.E.2d 755, 762 (2010) (citation omitted); *see also Mullis v. Sechrest*, 347 N.C. 548, 554, 495 S.E.2d 721, 725 (1998) ("[O]fficial-capacity suits are merely another way of pleading an action against the governmental entity."). Additionally, compensatory damages are unavailable in official

11

Case 1:16-cv-00400-CCE-JLW   Document 71   Filed 07/14/17   Page 11 of 14

capacity suits under § 1983. *Biggs v. Meadows*, 66 F.3d 56, 61 (4th Cir. 1995). Here, a suit against Defendant Glover in her official capacity is a suit against the NCDPS and North Carolina. Neither has consented nor waived immunity; therefore, any monetary claims against Defendant Glover in her official capacity should be dismissed.

### 4. Injunctive Relief

As Defendant Glover correctly stated, Plaintiff's request for injunctive relief pertaining to Plaintiff's § 1983 claim for deliberate indifference to a serious medical need should be dismissed as moot because Plaintiff has been transferred to a different correctional institution. (Docket Entry 29 at 15-16.) "[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009). To the extent injunctive relief is sought, Plaintiff is no longer incarcerated at Piedmont and thus no longer subject to the challenged conditions in his claims. Thus, Plaintiff's claim for injunctive relief is moot due to his transfer to another prison facility.

### 5. Requirements of Rule 9(j)

Defendant Glover also asserts that Plaintiff's medical malpractice claim, to the extent alleged, fails because he did not obtain an expert review of "the medical care and all medical records" before filing a lawsuit. (Docket Entry 29 at 16 (citing N.C. Gen. Stat. § 1A-1, Rule 9(j).)) In North Carolina, a plaintiff alleging medical malpractice must comply with North Carolina Rule of Civil Procedure 9(j) which requires a plaintiff to include in his complaint an assertion that that an expert in the same field reviewed the medical care at issue and is willing to testify that the medical care did not comply with the applicable standard of care. *See* N.C.

12

R. Civ. P. 9(j). Failure to comply with Rule 9(j) is grounds for dismissal. *See Littlepaige v. United States*, 528 F. App'x 289, 292 (4th Cir. 2013) (unpublished) (finding in a Federal Tort Claims Act ("FTCA") case, "that, where applicable, a Rule 9(j) certification is a mandatory requirement for a plaintiff in a North Carolina medical malpractice action."); *Boula v. United States*, 1:11cv366, 2013 WL 5962935, at *2 (M.D.N.C. Nov. 7, 2013); *Moore v. Pitt Cnty Mem. Hosp.*, 139 F.Supp.2d 712, 713–14 (E.D.N.C. 2001). The only exception to this rule is where "[t]he pleading alleges facts establishing negligence under the existing common-law doctrine of *res ipsa loquitur*." Rule 9(j)(3).

Here, "Plaintiff's complaint fails to allege that he obtained certification from an expert willing to testify that his treating medical personnel did not comply with the applicable standard of care." *Deal v. Cent. Prison Hosp.*, No. 5:09-CT-3182-FL, 2011 WL 322403, at *4 (E.D.N.C. Jan. 27, 2011) (unpublished). His *pro se* prisoner status does not excuse his obligation to comply with Rule 9(j)'s certification requirements. *See e.g., Smith v. United States*, No. 1:08CV838(LO/JFA), 2010 WL 256595, at *3 n.5 (E.D.Va. Jan. 19, 2010) (unpublished) (citations and quotations omitted) ("It has been held in several occasions that federal inmates proceeding *pro se* under the FTCA are not exempt from the certificate of merit requirement, despite the fact that his or her prisoner status adds hurdles to any attempt to obtain an expert."). Also, Plaintiff has failed to sufficiently allege the doctrine of *res ipsa loquitor*. Thus, to the extent Plaintiff asserts a state law claim for medical malpractice against Defendant Glover, the motion to dismiss should be granted.

13

## IV. CONCLUSION

Based upon the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Plaintiff's motions to amend (Docket Entries 51, 60) be **GRANTED IN PART AND DENIED IN PART** as set forth herein, Defendant Glover's motions to strike (Docket Entries 49, 53, 62) be **GRANTED**, and Defendant Glover's motion to dismiss (Docket Entry 28) be **GRANTED**.

*Joe L. Webster*
United States Magistrate Judge

July 14, 2017
Durham, North Carolina